IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DEVAN RODEZ CASTEEL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No.4:17-CV-663-Y |
| | § | |
| ERIC WILSON, Warden, | § | |
| FMC-Fort Worth, | § | |
| | § | |
| Respondent. | § | |

### OPINION AND ORDER

Before the Court is a Petition for a Writ of Habeas Corpus under U.S.C. § 2241 filed by petitioner Devan Rodez Casteel, along with a brief in support.(Pet.(doc.1); Brief(doc. 2).) The respondent filed a response with an appendix.(Resp.(doc. 13); App.(doc. 14-1) at 1-55).) Cateel filed a reply (doc. 15), Respondent filed a sur-reply (doc. 19), and Casteel then filed an objection to the sur-reply (doc. 20). After considering the pleadings, the record, the relief sought by Casteel, and the applicable law, the Court concludes that the § 2241 petition must be **DENIED.**


I.  **BACKGROUND**

A.  <u>State and Federal Charges and Sentencing</u>

On September 12, 2008, Casteel was arrested on state charges of possession of stolen property and held at the Pottawattamie County jail.(App.(doc. 14-1) at 3-4.) He was later charged with

theft and violation of probation.(*Id.* at 8-9.) On September 16, 2008, a $5000 cash bond was set, but Casteel never made bond, so he remained in Fremont County custody until he was, on October 7, 2008, transferred to Page County.(*Id.* at 3-6; 11; 14-15; 17.)

On December 23, 2008, Casteel was transferred to federal custody pursuant to a writ of habeas corpus *ad prosequendum*. (*Id.* at 19.) He was returned to the Page County jail in satisfaction of the writ on that same day.(*Id.*) Between December 23, 2008, and October 21, 2010 (the date of federal sentencing as noted below), Casteel was transferred to federal custody pursuant to writs of habeas corpus *ad prosequendum* on several occasions.(*Id.* at 20.)

On March 23, 2009, the Fremont County theft charge was dismissed.(*Id.* at 8.) On July 1, 2009, Casteel, while already in custody, was arrested by Page County, Iowa law enforcement officers for first-degree robbery in case number FECR103530. (*Id.* at 36.)

On October 21, 2010, in the United States District Court for the Southern District of Iowa, Casteel pleaded guilty to carjacking, in violation of 18 U.S.C. § 2119, and using or carrying a firearm in relation to a violent crime, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) in case number 1:08-CR-053-002.(*Id.* at 22.) Casteel was sentenced to an aggregate term of 162 months' imprisonment.(*Id.* at 22-23.) The judgment was silent as to whether the federal term of imprisonment was to be served concurrently with any state sentence.(*Id.* at 23.) On February 8, 2011, an amended

-2-

judgment was entered to modify the restitution portion of the order. (*Id.* at 29, 33.) The amended judgment was also silent as to whether the 162-month federal sentence was to be served concurrently with any state sentence.(*Id.* at 30.)

On May 2, 2011, pursuant to a plea agreement, Casteel pleaded guilty to the state charge of trespass, rather than robbery, in case number FECR103530, and was sentenced to 365 days in jail, to run concurrently to his sentence in case number FE103350 and to the federal sentence already imposed.(*Id.* at 36.)  That same day, the charges in case number FE103350 were dismissed.(*Id.* at 39.) Casteel's 365-day state sentence was satisfied on the day of sentencing based on prior state-custody credit from October 7, 2008, until October 6, 2009. Casteel was released to a federal detainer on May 4, 2011, to commence service of the previously imposed federal sentence in case number 1:08-CR-053-002.(*Id.* at 17; 20.)

B.    <u>BOP Administrative Review of the Calculation of Casteel's Sentence</u>

In early 2017, Casteel filed an administrative-remedy request with the Bureau of Prisons ("BOP") asserting that he was entitled to presentence-custody credit and a retroactive designation to a state institution. The BOP reviewed Casteel's request under the factors imposed by 18 U.S.C. § 3621(b) to determine if a nunc-pro-tunc designation was appropriate, consistent with Program Statement 5160.05 ("Designation of State Institution for Service of Federal

-3-

Sentence"), and the procedure set out in *Barden v. Keohane*, 921
F.2d 476, 478 (3rd Cir. 1990). (App. (doc. 14-1) at 50); see *Pierce
v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010)(discussing the "*Barden
procedure*" as recognizing that "[w]here a federal sentence was
imposed before a state sentence, the BOP may indirectly award
credit for time served in state prison by designating nunc pro tunc
the state prison as the place in which the prisoner serves a
portion of his federal sentence")(citing *Barden*, 921 F.2d at
480)(other citations omitted). Applying § 3621(b), the BOP
considered the resources of the facility contemplated for
incarceration, the nature and circumstances of Petitioner's
offense, the history and characteristics of the Petitioner, any
statement by the court that imposed his sentence, and any pertinent
policy statement issued by the Sentencing Commission pursuant to 28
U.S.C. § 994(a)(2).(*Id.*)

On June 14, 2017, as part of that review, the BOP sent a
letter to a judge of Casteel's federal sentencing court, the
Honorable Robert W. Pratt, requesting a statement of the court's
position on a retroactive designation of Casteel to a state
institution for service of the respective sentence. (*Id.* at 45.)
Judge Pratt responded, indicating that Casteel's federal and state
sentences should run consecutively. (*Id.* at 48.) After reviewing
Casteel's case history under the factors detailed in § 3621(b),
including the response from Judge Pratt, the BOP determined a

-4-

retroactive concurrent designation was not appropriate. (*Id.* at 50.)

The respondent acknowledges that in reviewing Casteel's sentence computation for the response to this § 2241 petition, the BOP discovered that Casteel should have been awarded prior custody credit for the period of September 12, 2008, through October 6, 2008. Resp. 4, ECF No. 13. As a result, the BOP updated Casteel's sentence computation to reflect this additional prior-custody credit.(App.(doc. 14-1) at 55.) Casteel has thus been credited with prior-custody credit from September 12, 2008, to October 6, 2008, and from October 7, 2009, to May 3, 2011. *(Id.)* Casteel's current projected release date is March 16, 2021.[1]

## II.  CLAIMS FOR RELIEF.

Casteel initially claimed that he was denied pre-custody sentence credit for the period of September 11, 2008, through October 21, 2010.(Brief (doc. 2) at 3.) Casteel acknowledges, however, that after filing an administrative remedy, he received credit for the period from October 7, 2009, through May 3, 2011.(*Id.* at 19.) As shown above, the BOP also credited Casteel's federal sentence for the period from September 12, 2008, to October 6, 2008. Thus, Casteel continues to seek sentence credit only for

---

[1]See www.bop.gov (Devan Rodez Casteel Inmate Number 10868-030),last visited May 21, 2020.

the period from October 7, 2008, to October 6, 2009. He also complains of the BOP's failure to issue a nunc-pro-tunc sentence designation. (Reply, ECF No. 15.)

## III. ANALYSIS

A. <u>Casteel's Challenge to the BOP Sentence Computation</u>

The sovereign that first arrests an offender is the sovereign with primary jurisdiction over the offender, and that sovereign retains primary jurisdiction until it is relinquished. *United States v. Cole*, 416 F.3d 894, 897 (8th Cir. 2005); *Taylor v. Reno*, 164 F.3d 440, 444-45 (9th Cir. 1998); *Floyd v. Berkebile*, No. 3:05-CV-2489, 2008 WL 153494, at *2 (N.D. Tex. Jan. 15, 2008); *Wilson v. Morris*, No. Civ. A. 104-CV-777, 2006 WL 573021, at *3 (E.D. Tex. Mar. 7, 2006). Primary jurisdiction may be relinquished by dismissal of charges, release on bail, parole, or expiration of the offender's sentence. *See*, *e.g.*, *Cole*, 416 F.3d at 897. Once a sovereign relinquishes primary jurisdiction over an individual, another sovereign may assume primary jurisdiction over that person.

Primary jurisdiction is not relinquished, however, when an inmate is borrowed from the custody of the state via a writ of habeas corpus *ad prosequendum*. *Id.*; *Taylor*, 164 F.3d at 445; *Floyd*, 2008 WL 153494, at *3 (citing *Causey v. Civiletti*, 621 F.2d 691, 693(5th Cir. 1980)). The purpose of a writ of habeas corpus *ad prosequendum* is to permit the receiving jurisdiction to borrow an

-6-

inmate from another jurisdiction for purposes of conducting criminal proceedings. Following the completion of the criminal proceedings, the receiving jurisdiction returns the inmate to the jurisdiction from which he was borrowed pursuant to the writ. Thus, the jurisdiction that "loans" an inmate to another for prosecution does not relinquish primary jurisdiction over that inmate. *See Cole*, 416 F.3d at 896-97.

Under this authority, an inmate's federal sentence does not begin to run on the date that he is borrowed from the primary jurisdiction of the state for federal prosecution via a writ of habeas corpus *ad prosequendum*. *See Cole*, 416 F.3d at 897. Rather, the state maintains primary jurisdiction over the inmate, and the inmate is returned to state custody following the federal prosecution. The inmate's federal sentence commences once the inmate is relinquished from the primary jurisdiction of the state and the inmate is received into federal custody for service of the federal sentence. 18 U.S.C. § 3585(a); *Cole*, 416 F.3d at 897.

In this case, the State of Iowa established primary jurisdiction over Casteel on September 12, 2008, when he was arrested by state authorities. (App.(doc. 14-1), at 3-4.) The state maintained primary jurisdiction over Casteel while he was brought into federal court pursuant to the writ of habeas corpus *ad prosequendum*. (*Id*. at 19-20; 22-23.) Although Casteel was sentenced in the federal proceeding on October 21, 2010, he remained under

the primary jurisdiction of the State of Iowa, and returned to state authorities to complete his state sentences.

Iowa then relinquished primary jurisdiction over Casteel on May 2, 2011, as his state obligation was satisfied on application of prior-custody credit and Casteel was released by the state. (App. (doc. 14-1 at 39-41.) Casteel's federal sentence then commenced on May 4, 2011, when he was transferred to the custody of the United States marshal to begin service of his federal sentence. (*Id.* at 54-55.) Casteel remained under the primary state jurisdiction while on writ of habeas corpus *ad prosequendum*.

Casteel received credit for all time spent in presentence custody that was not applied to a state sentence. The period from September 12, 2008, to October 6, 2008, was applied to Casteel's federal sentence as prior-custody credit because it was not applied to any other sentence. (App. (doc. 14) at 55.) Likewise, the period from October 7, 2009, to May 3, 2011, was also applied to Casteel's federal sentence.(*Id.*) The period of October 7, 2008, to October 6, 2009, however, was applied to Casteel's state sentences in case numbers FECR103350 and FECR103530.(App.(doc. 14-1) at 40-41.) Thus, Casteel was not entitled to and was not given credit towards his federal sentence for the period from October 7, 2008, though October 6, 2009.(*Id.*) Casteel's federal sentence commenced May 4, 2011, the day he arrived in the marshal's custody and in exclusive federal jurisdiction.

-8-

In sum, the Court finds that all custody credit has been appropriately applied to Casteel's federal sentence.

B.   <u>Casteel's Challenge to the BOP's Failure to Issue a Nunc Pro Tunc Sentence Designation</u>

Casteel also argues that his sentence should be running concurrently to the prior state sentences by contending that "[n]ow seven years later, the federal court judge states he meant for the sentence to be consecutive. He has no authority to amend the judgment and sentence order seven years later." (Reply (doc. 15) at 3-4.)

As a result of the above-referenced decision in *Barden,* 921 F.2d at476 (the *Barden* procedure), the BOP considers an inmate's request for pre-sentence credit toward a federal sentence for time spent in service of a state sentence as a request for a nunc-pro-tunc (now-for-then) sentence designation. Casteel made such a request. In response, the BOP engaged in the requisite steps to consider Casteel's inquiry under 18 U.S.C. § 3621(b).

Th BOP considered all statutory factors in Casteel's nunc-pro-tunc request, including the response from sentencing judge, Robert W. Pratt.(App.(doc. 14-1) at 45-50.) Although the BOP considers an inmate's request for credit towards a federal sentence for time spent in service of a state sentence as a request for a retroactive concurrent or nunc-pro-tunc designation, the BOP is vested with the discretion to make the decision and is not obligated to grant a request. *Barden*, 921 F.2d at 483; *Pierce,* 614

-9-

F.3d at 160. There is no constitutional right to a nunc-pro-tunc designation, and federal habeas review of BOP decisions in the area is highly deferential. *Hunter v. Tamez*, 622 F.3d 427, 430-32 (5th Cir.2010)(Bureau of Prisons' denial of inmate's nunc-pro-tunc designation request does not violate principles of federalism or doctrine of separation of powers). Once the BOP has considered the inmate's request, judicial consideration is limited to whether an abuse of discretion has occurred. *Barden*, 921 F.2d at 478.

In making a nunc-pro-tunc determination where a federal sentence is imposed first and the federal sentencing court has not made its intent known regarding whether multiple sentences are to run concurrently, the BOP considers the factors set out in 18 U.S.C. § 3621(b). Those facts include:(1)the resources of the facility contemplated;(2)the nature and circumstances of the offense;(3) the history and characteristics of the prisoner;(4) any statement by the court that imposed the sentence; and (5)any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a)(2). 18 U.S.C. § 3621(b).

Casteel has offered no evidence the BOP abused its discretion in denying his nunc-pro-tunc designation request. In this matter, it appears all of these statutory factors were considered in making the determination upon Casteel's request.(App.(doc.14-1),at 50-51.) Notably, under factor (2), the instant federal offenses were noted, as well as Casteel's state offense of Trespassing. *Id*. Under factor

-10-

(3), it was noted that Casteel had no prior criminal convictions but had a BOP disciplinary history. *Id*. As noted, under factor (4) the BOP solicited the position of the sentencing court as it pertained to retroactively designating Casteel to a state institution for service of the respective sentence.(App. (Doc. 14-1) at 45-46, 48.) The sentencing judge responded that Casteel's federal and state sentences should run consecutively.(*Id*. at 48, 50.) After reviewing Casteel's case under the factors detailed in 18 U.S.C. § 3621(b), the BOP determined that a retroactive concurrent designation would not be appropriate. (App. (doc. 14-1) at 50-51.) Casteel has not shown that the BOP's rejection of his request for nunc-pro-tunc sentencing designation was an abuse of discretion.

Thus, after review of this record, the Court concludes that Casteel's sentence is properly computed and that this petition under 28 U.S.C. § 2241 must be denied.

**IV.   CONCLUSION AND ORDER**

For all of the foregoing reasons, petitioner Devan Rodez Casteel's petition for writ of habeas corpus under 28 U.S.C. § 2241 is **DENIED**.

SIGNED June 2, 2020.

Terry R. Means
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

-11-